# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CARL PYPERS,**
                **Plaintiff,**

**-vs-**                                        **Case No. 6:07-cv-559-Orl-18GJK**

**FIFTH AVENUE GRILL, INC.,**
                **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION FOR ENTRY OF FINAL JUDGMENT (Doc. No. 21)**
>
> **FILED:**      **December 7, 2007**
>
> **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED**.

## I. BACKGROUND

Plaintiff Carl Pypers ('Plaintiff") resides in Brevard County, Florida. Doc. No. 1, ¶ 4. Plaintiff seeks to hold Defendant Fifth Avenue Grill, Inc. ("Defendant") liable for unpaid and overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq. *Id.* Defendant is Florida corporation with its principal place of businesses in Orange County, Florida. *Id.*, ¶ 8.

Between September 6, 2006 and October 27, 2006, Plaintiff worked for Defendant as a cook. Doc. No. 1, ¶¶ 6, 7; Doc. No. 24, ¶ 1. Defendant paid Plaintiff an hourly rate of seven dollars and fifty cents ($7.50). Doc. No. 24, ¶ 4. During the time Defendant employed Plaintiff, Defendant did not pay Plaintiff

over-time at one and one-half times his regular rate for hours worked. Plaintiff worked 120 hours of overtime and claims that Defendant owes him $2,469.08 in unpaid overtime compensation and liquidated damages. Doc. No. 21, ¶ 4; Doc. No. 24, ¶ 5.

On March 30, 2007, Plaintiff brought the present action to recover his unpaid overtime compensation, liquidated damages, attorney's fees, and costs of this action from Defendants for violations of 29 U.S.C. § 216(b). Doc. No. 1. On June 1, 2007, Jamie Briggs, as president of Defendant, filed an answer ("Answer") on behalf of the Defendant. Doc. No. 6. The Answer was subsequently stricken from the record as it violated Local Rule 2.03(e) ("[a] corporation may appear and be heard only through counsel . . ."). Doc. No. 10. The Defendant was allowed twenty days from the Order, July 10, 2007, to retain an attorney admitted to practice in this Court and file an answer. *Id.* at 2. Plaintiff subsequently sought entry of Clerk's Default after Defendant failed to comply with this Court's July 10, 2007 Order. Doc. No. 11. The Court afforded the Defendant another opportunity to file a proper answer in this case providing a deadline of September 14, 2007 for the Defendant to obtain counsel and submit such answer. *Id.* The Court cautioned Fifth Avenue: "failure to comply will result in the entry of default pursuant to Federal Rules of Civil Procedure 16(f) and 55(a)." Doc. No. 13 at 2. Thereafter, the Defendant filed two documents, the first purports to authorize an employee of the Defendant to represent the corporation, and the second is a Notice of Hearing on the "authorization." Doc. Nos. 15, 16.

The Defendant failed to plead or otherwise defend the Complaint filed by the Plaintiff after considerable leniency was provided by this Court. On October 2, 2008, Plaintiff filed a third motion seeking entry of Clerk's Default, which the Court granted on October 29, 2007. Doc. Nos. 14, 17, 18.

Subsequently, Plaintiff filed the Motion for Entry of Final Judgment ("Motion").[1] Doc. No. 21. The Defendant was provided service of the Motion by U.S. mail and has not filed a response. *Id.* at 2.

Upon referral to the undersigned, this Court directed the Plaintiff to substantiate with supporting evidence the amount alleged to be owed to Plaintiff. Doc. No. 22. Thereafter, Plaintiff filed a supplemental brief attaching copies of four checks he received from the Defendant. Doc. No. 24. On March 31, 2008, the Court directed the Plaintiff file a second supplemental brief establishing how Plaintiff arrived at the amount of damages sought and substantiating the amount of overtime hours. Doc. No. 25. On April 9, 2008, Plaintiff filed an amended motion for final judgment ("Amended Motion") and two Affidavits, which establish the following:

1) Plaintiff's regular rate of pay was $7.50 per hour;

2) Plaintiff worked 120 hours of overtime;

3) Plaintiff is owed $1,350.00 in overtime pay, calculated by multiplying 120 hours by $11.25 per hour;

4) Plaintiff is owed $1,350.00 in liquidated damages; and

5) Plaintiff's attorney's fees and costs total $5,415.00.

Doc. No. 26.

The Court considered all of the evidence introduced by the Plaintiff. It is recommended that Plaintiff's Motion be granted.

---

[1] Plaintiff's Motion mistakenly states that a Default Judgment was entered by the Clerk of the Court. Doc. No. 21, ¶ 3. The Clerk's Entry of Default was entered on October 30, 2007 and currently before the Court is the Motion for Final Judgment, which will be treated as a Motion for Default Judgment.

## II.    THE LAW

### A.    Default Judgment

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55 (a). Rule 55 (b)(2) further provides:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or an incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. <u>The court may conduct hearings or make referrals</u>–preserving any federal statutory right to a jury trial–<u>when, to enter</u> or effectuate <u>judgment , it needs to</u>:
>     A) conduct an accounting;
>     B) <u>determine the amount of damages</u>;
>     C) <u>establish the truth of any allegation by evidence</u>; or
>     D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2) (emphasis added).

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corporation,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (*citing Nishimatsu*, 515 F.2d at 1206). A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206). "As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of

mathematical calculation, or an amount demonstrated by detailed affidavits." *Directv, Inc. V. Huynh*, 318 F. Supp.2d 1122, 1129 (M.D. Ala. 2004) (*citing Directv, Inc. v. Griffin*, 290 F. Supp.2d 1340, 1343 (M.D. Fla. 2003).

### B. Attorney's Fees and Costs

Under 29 U.S.C. §216(b), employers who violate 29 U.S.C. §207 are liable to the employee affected in the amount of their unpaid overtime compensation, an equal amount of liquidated damages, reasonable attorney's fees, and costs of the action.

## II. ANALYSIS

Having fully considered the record, there is a sufficient basis in the pleadings for the judgment to be entered against the Defendant. Plaintiff confirmed by Affidavit that during his employment by Defendant, he worked in excess of 40 hours a week and was never paid more than his regular hourly rate of seven dollars and fifty cents an hour. Specifically, Plaintiff worked 120 overtime hours. Doc. No. 26-2. Accordingly, Plaintiff is entitled to recover unpaid overtime compensation in the amount of $1,350.00, plus liquidated damages in the amount of $1,350.00. *See* 29 U.S.C. §216(b). The Court calculates the amount of unpaid overtime compensation by multiplying 120 hours (the number of overtime hours Plaintiff worked) by $11.25 (one and one-half times Plaintiff's hourly rate).

Pursuant to 29 U.S.C. §216(b), Plaintiff is also entitled to recover attorney's fees and costs associated with the collection of his unpaid overtime compensation. Plaintiff seeks to recover $5,415.00 in attorney's fees and costs. Having reviewed the supporting documentation (Doc. No. 19, Exs. A, B), the Court determines that counsel's rates are reasonable, and that counsel worked the requested hours in this case.

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion (Doc. No. 21) against Defendant

be **GRANTED**.

It is **FURTHER RECOMMENDED** that Plaintiff be awarded $1,350.00 in unpaid overtime compensation, $1,350.00 in liquidated damages, and $5,415.00 in attorney's fees and costs, for a total amount of $8,115.00 against Defendant.

It is **FURTHER ORDERED** that the Clerk of Court shall serve copies, by registered mail, of this Report and Recommendation, the Third Motion for Entry of Clerk's Default (Doc. No. 14), the Clerk's Entry of Default (Doc. No. 17), and the Motion for Entry of Final Judgment (Doc. No. 21) to: 5th Avenue Grille, Inc., 211 Wayne Avenue Indialantic, Florida 32903.

Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 6.02 within ten days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on April 11, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE